**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION**

| | |
|---|---|
| SHERI ANN COOK, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FELLOWS HYMOWITZ RICE PLLC, ROBERT FELLOWS, STEVEN HYMOWITZ, and MATTHEW RICE,<br><br>Defendants. | Case No.: 7:26-cv-6063<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Sheri Ann Cook (hereinafter the "Plaintiff"), on behalf of herself and other similarly situated, by and through her attorneys, Sage Legal LLC, upon personal knowledge as to herself and upon information and belief as to other matters, respectfully brings this Complaint against Defendant Fellows Hymowitz Rice PLLC (hereinafter the "Firm" or the "Corporate Defendant"), Robert Fellows ("Fellows"), Steven Hymowitz ("Hymowitz"), and Matthew Rice ("Rice") (Fellows, Hymowitz, and Rice collectively hereinafter the "Individual Defendants") (the Corporate Defendant and the Individual Defendnats collectively hereinafter the "Defendants") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit on behalf of herself and all others similarly situated seeking recovery against Defendants for its violations of the Fair Labor Standards Act, as amended (hereinafter the "FLSA") 29 U.S.C. §201 *et seq.*, the New York Labor Law §§ 190 *et seq.* and §§ 650 *et seq.* (hereinafter the "NYLL"), and the Wage Theft Prevention Act (N.Y. Lab. Law §§ 195(3) and 195(1)) (hereinafter the "WTPA").

2.      Upon information and belief, over the course of the last six (6) years, Defendants carried out an unlawful payroll policy and practice by failing to pay Plaintiff and all others similarly situated for all worked hours as required by law by, *inter alia*, evading payment of proper compensation and overtime obligations.

3.      Plaintiff has therefore commenced this case to recover unpaid wages she and all others similarly situated have been deprived of, plus interest (pre-judgment and post-judgment), liquidated damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it involves federal questions regarding the deprivation of Plaintiff's rights under the FLSA.

5.      The Court also has supplemental jurisdiction over Plaintiff's related claims arising under State law pursuant to 28 U.S.C. § 1367 as her state law claims arise under a common nucleus of operative facts, namely, Defendants' failure to properly pay her wages and overtime compensation.

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, i.e., Plaintiff performed the work for Defendants in New York.

7.      At all times material hereto, Plaintiff performed non-exempt duties for the benefit of Defendants in the state of New York.

8.      At all times relevant, Defendants engaged in interstate commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s), and/or had revenues exceeding $500,000.00 in the last three (3) years.

9.      Plaintiff falls within the protections of the FLSA and satisfies the individual coverage requirements because Plaintiff engaged in interstate commerce to perform her duties by, *inter alia*, placing phone calls to clients and vendors outside of the State of New York for the benefit of Defendants' clients in States other than the State of New York.

10.     For example, Plaintiff frequently called Defendants' clients who reside in the State of New Jersey to perform work on their matters.

## PARTIES

9.      Plaintiff is an adult individual is a citizen of the State of New York, residing in the County of Westchester.

11.     Plaintiff was last employed by the Defendants in the State of New York during the period of September 11, 2024 through May 16, 2025.

12.     Plaintiff was also previously employed by the Defendants in the State of New York during the period of October 12, 2021 through May 5, 2022.

13.     The Corporate Defendant is a business entity organized under the laws of New York with a primary office located at 254 South Main Street, Suite 500, New City, NY 10956.

14.     Upon information and belief, Fellows is an adult citizen of the State of New York.

15.     Upon information and belief, Hymowitz is an adult citizen of the State of New York.

16.     Upon information and belief, Rice is an adult citizen of the State of New York.

17.     At all times relevant, the Individual Defendants exercised operational control over the Corporate Defendant.

18.     At all times relevant, Defendants employed Plaintiff to perform work on behalf of Defendants within the State of New York.

19.     At all times relevant, each of the Individual Defendants had the power to hire and fire Plaintiff, as well as set the schedule, wages, and terms and conditions of Plaintiff's employment.

20.     For example, Hymowitz hired Plaintiff during her first period of employment.

21.     During her second period of employment, Rice hired Plaintiff.

22.     As another example, Fellows terminated Plaintiff during her first period of employment.

23.     During her second period of employment, Hymowitz terminated Plaintiff.

24.     As yet another example, Hymowitz informed Plaintiff how much she would be compensated for her work during her first period of employment.

25.     During her second period of employment, Hymowitz determined Plaintiff's compensation.

26.     All three (3) Individual Defendants were involved in setting Plaintiff's schedule throughout her employment tenure during her first and second periods of employment.

27.     Likewise, upon information and belief, all three (3) Individual Defendants maintained employment records for Plaintiff and other employees of the Firm.

**STATEMENT OF FACTS**

28.     Based upon the information preliminarily available, and subject to discovery in this case, Defendants did not properly compensate Plaintiff for all hours she worked for every workweek.

29.     Plaintiff was first employed by Defendants in October 12, 2021 until May 5, 2022 when she separated from employment with the Firm.

30.     Plaintiff began working for the Defendants again when she was rehired in or around September 11, 2024, as a Medical Malpractice Paralegal, with a typical work schedule from Monday to Friday, beginning at 9:00 AM to 5:00 PM, although she frequently came earlier than 9:00 AM and worked later than 5:00 PM, often working between forty-two and fifty (42-50) hours per workweek.

31.     When Plaintiff was rehired by Defendants, it was represented to her that whatever benefits, including paid vacation and sick leaves, she was entitled during her first employment with Defendants will be provided.

32.     Upon being re-employed, Plaintiff consistently worked overtime each week, but was never compensated by the Defendants for those hours worked in excess of forty (40) hours per workweek.

33.     On January 25, 2025, Plaintiff had a meeting with Hymowitz and Rice where she raised her concerns regarding the continuous failure of Defendants to pay her overtime compensation.

34.     Plaintiff's concerns were not addressed, and the issue was merely relayed by Hymowitz and Rice to the Firm's "management."

35.     Critically, Defendants never informed Plaintiff that she was exempt from overtime under any applicable exemption.

36.     She does not fall within the administrative exemption as she did not have discretion or independent judgment-making authority over any matters of significance.

37.     More importantly, and as discussed further *infra*, Defendants paid Plaintiff additional compensation to placate her complaints concerning overtime, rendering her compensation as not salary-based as is required to maintain the overtime exemption.

38.    On February 24, 2025, Plaintiff sent an e-mail to Defendants outlining proposed changes to office policies.

39.    In her message, Plaintiff included the Department of Labor's ("DOL") guidelines supporting her claim to be paid for all the overtime hours she rendered for the benefit of the Defendants and their clients.

40.    Additionally, Plaintiff also informed Defendants of the DOL's guidelines requiring notice of pay, and other information, to be posted in a common area.

41.    Plaintiff's February 24, 2025 email constituted a protected activity under the law as she was making a complaint about wages.

42.    However, Plaintiff's communications to the Defendants were met with hostility and anger.

43.    Sometime in March 2025, Rice attempted to dictate to Plaintiff how should she think, feel, and respond to the situation, saying that Plaintiff's complaints were unjustified.

44.    During that time, Hymowitz gave Plaintiff an amount of $600.00 in cash, in order to calm her concerns regarding her unpaid overtime.

45.    Hymowitz paid Plaintiff in cash because he knew that it was improper to withhold compensation for Plaintiff's overtime hours from her.

46.    Thereafter, Plaintiff's access to Defendants' 2024 Time Sheets was revoked.

47.    This was a retaliatory action directly linked to Plaintiff's complaints concerning overtime compensation.

48.    Also, in March 2025, Defendants reassigned a major medical malpractice case that Plaintiff had been handling after a client had posted a Google Review praising Plaintiff as the "hero" for her swift and effective response.

49.     This was yet another retaliatory action against Plaintiff for her complaint about wages and overtime

50.     Further, in the latter part of March 2025, Rob Fellows sent an email to Plaintiff suggesting she take a brief time off, to attend to her "mental" issues.

51.     These personal attacks were motivated by Defendants' clear retaliatory animus towards Plaintiff for voicing her concerns about her wages.

52.     Perhaps most damningly, Defendants terminated Plaintiff's employment on May 16, 2025 in direct retaliation for raising complaints concerning wages and overtime.

53.     This occurred within *weeks* of raising her complaints.

54.     Indeed, during the early part of April 2025, Plaintiff reiterated to Defendants that she is legally entitled to time-and-a-half pay for all hours worked in excess of forty (40) hours in a workweek.

55.     For example, Plaintiff reminded Defendants that although their employees are paid during lunch breaks, they work though those hours, and Defendants incorrectly used this fact to justify reducing the effective hourly wage, which only came about due to Plaintiff's concerns about wages and overtime.

56.     On April 9, 2025, Defendants informed Plaintiff that the overtime she worked on March 27, 2025 would be paid that week, signifying that Defendants acknowledged their obligations under the law to pay her overtime compensation, i.e., that no exemption applied.

57.     At all times relevant, Defendants had actual or constructive knowledge and otherwise suffered or permitted Plaintiff to perform compensable work duties.

58.     At all times relevant, Defendants had actual knowledge that they were obligated under the FLSA to track and record Plaintiff 's compensable hours accurately and with precision.

59.     At all times during her employment with the Defendants, Plaintiff was an exemplary employee who never received any citation or negative feedback regarding her work performance; she was so great at her job, Defendants rehired Plaintiff within approximately two-and-a-half years after she initially separated from employment with the Firm.

60.     Upon information and belief, Defendants at all times during the relevant time period willfully failed to keep accurate payroll records as required by the FLSA and NYLL.

61.     As a result of Defendants' violations and failure to pay proper wages, Plaintiff suffered concrete harm resulting from her lack of pay that she should have received for her hours worked in compliance with the FLSA and NYLL.

62.     Furthermore, Defendants' willful failure to keep accurate records of Plaintiff's hours worked prevented Plaintiff from being able to calculate her total hours worked and determine if she was being paid in accordance with the FLSA and NYLL.

63.     As a result of these violations of labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount to be determined at trial.

64.     Plaintiff also seeks interest (pre-judgment and post-judgment), attorney's fees, costs, and all other legal and equitable remedies this Court deems just, equitable, and appropriate.

### FLSA COLLECTIVE ACTION ALLEGATIONS

65.     Plaintiff brings this FLSA claim as a collective action on behalf of herself and others similarly situated who have been employed by Defendants during the last three (3) years (hereinafter the "FLSA Collective Members").

66.     At all relevant times, Plaintiff  and the FLSA Collective Members were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, and were subject to Defendants' practices of: (i) failing to compensate

8

Plaintiff and the FLSA Collective Members at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek; and (ii) failing to timely pay all wages owed.

67.     At all relevant times, Defendants had been fully aware of the duties performed by Plaintiff and the FLSA Collective Members, and that those duties were not exempt from the provisions of the FLSA.

68.     Defendants' violations of the FLSA have been willful, repeated, knowing, intentional, and without a good faith basis, and have significantly damaged Plaintiff and the FLSA Collective Members.

69.     As a result of their unlawful conduct, Defendants are liable to Plaintiff and the FLSA Collective Members for the full amount of their unpaid wages and late wages, with interest, plus an equal amount as liquidated damages, plus reasonable attorneys' fees and costs incurred by Plaintiff and the FLSA Collective Members.

70.     While the exact number of the FLSA Collective is unknown to Plaintiff at this time, upon information and belief, there are at least nineteen (19) individuals consisting of the FLSA Collective Members.

71.     Plaintiff is currently unaware of the identities of all the individual members of the FLSA Collective Members.

72.     Accordingly, the Court should require Defendants to provide Plaintiff with a list of all individuals of the proposed FLSA Collective Members, along with their last known addresses, telephone numbers, and email addresses, so Plaintiff may provide the members of the FLSA Collective Action notice of this action and an opportunity to make an informed decision about whether to participate in it.

**CLASS ACTION ALLEGATIONS**

73.     Plaintiff brings this action, in part, as a class action under the NYLL as well as the WTPA, and all applicable regulations thereunder.

**A.  Class Definition**

74.     Plaintiff seeks to maintain claims, pursuant to Rule 23 of the Federal Rule of Civil Procedure (hereinafter the "Rules" or "Rule"), on behalf of herself and a class of all other employees who have been employed by Defendants at any time during the full statute of limitations period (hereinafter the "Class").

75.     Additionally, Plaintiff seeks to maintain claims, pursuant to Rule 23, on behalf of herself and a subclass of all individuals who have been employed by Defendants at any time during the full statute of limitations period (hereinafter the "Subclass").

76.     Plaintiff alleges, on behalf of herself and the Class, that Defendants violated the NYLL by, *inter alia*: (i) failing to compensate Plaintiff  and the Class for all hours worked at their established regular rates of pay in accordance with their agreed terms of employment; (ii) failing to compensate Plaintiff  and the Class at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek; (iii) failing to timely pay all wages owed; (iv) failing to provide Plaintiff  and the Class with Notices of Pay Rate; and (v) failing to furnish accurate wage statements to Plaintiff  and the Class.

77.     Plaintiff, the Class, and the Subclass have standing to seek such relief because of the adverse effects that Defendants' wage practices have had on them individually and as a group.

78.     The wage practices described herein are part of Defendants' normal course of conduct.

79.     Pursuant to Rule 23, Plaintiff's NYLL and WTPA claims may be pursued by all similarly situated persons who do not opt out of the Class or Subclass.

**B. Numerosity and Impracticability of Joinder**

80.     The members of the Class and Subclass are so numerous that joinder is impracticable.

81.     While the exact number of the members of the Class is unknown to Plaintiff at this time, upon information and belief, there are at least nineteen (19) members of the Class.

82.     While the exact number of the members of the Subclass is unknown to Plaintiff at this time, upon information and belief, there are approximately nineteen (19) members of the Subclass.

83.     Therefore, the numerosity requirement of Rule 23(a) is satisfied.

**C. Common Questions of Law and Fact**

84.     Common questions of law and fact, the answers to which will meaningfully advance this litigation, exist as to the Class and Subclass and predominate over any questions only affecting the members of the Class or Subclass individually.

85.     Indeed, there are few, if any, purely individual issues in this action.

86.     The questions of law and fact that are common to Plaintiff, the Class, and the Subclass include, without limitation:

(a) Whether Defendants failed to pay Plaintiff and the Class for all hours worked at their regular rates of pay and in accordance with their agreed terms of employment;

(b) Whether Defendants failed to pay Plaintiff and the Class all overtime wages owed to them;

(c) Whether Defendants failed to timely pay Plaintiff and the Class their wages;

(d) Whether Defendants failed to provide Plaintiff and the Class with Notices of Pay Rate;

(e) Whether Defendants failed to furnish accurate wage statements to Plaintiff and the Class; and

(f) Whether Plaintiff, the Class, and the Subclass are entitled to liquidated damages and injunctive relief.

87.     Therefore, the common question requirement of Rule 23(a) is satisfied.

**D. Typicality of Claims and Relief Sought**

88.     Plaintiff's claims are typical of the claims of the members of the Class and Subclass they seek to represent.

89.     Plaintiff, the Class, and the Subclass work or have worked for Defendants, and are or were subject to the same compensation policies and practices.

90.     The wage violations suffered by Plaintiff, and the damages resulting therefrom, are typical of Defendants' treatment of their Employees, generally, and of the Class and Subclass, specifically.

91.     Therefore, the typicality requirement of Rule 23(a) is satisfied.

**E. Adequacy of Representation**

92.     Plaintiff will fairly and adequately protect the interests of the Class and Subclass because Plaintiff 's interests are coextensive and aligned with those of the members of the Class and Subclass.

93.     Plaintiff has no interests adverse to the Class and Subclass they seek to represent.

94.     Plaintiff is willing and able to represent the Class and Subclass fairly and vigorously, in part because they do not assert any individual claims separate and apart from the Class and Subclass she seeks to represent.

95.     Plaintiff has retained competent counsel who are qualified and experienced in employment class action litigation and able to meet the demands necessary to litigate a class action of this size and complexity.

96.     The combined interests, experience, and resources of Plaintiff and her counsel to competently litigate the individual and Class claims at issue in the instant action satisfy the adequacy of representation requirement of Rule 23(a).

**F. Requirements of Rule 23(b)(1)**

97.     Without certification of the Class and Subclass, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.

98.     Accordingly, certification of the Class and Subclass is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff, the Class, the Subclass, and Defendants.

99.     By filing this Complaint, Plaintiff preserves the rights of the members of the Class and Subclass with respect to the statute of limitations on their claims.

100.     Therefore, failing to certify the Class and Subclass would substantially impair and/or impede the ability of the members of the Class and Subclass to protect their interests.

**G. Requirements of Rule 23(b)(2)**

101.     Defendants acted on grounds, as described herein, generally applicable to Plaintiff, the Class, and the Subclass by denying Plaintiff  and the Subclass minimum wages, and denying

Plaintiff and the Class overtime wages, failing to pay them for all hours worked at their established rates of pay in accordance with their agreed terms of employment, failing to pay wages on time, and failing to provide Notices of Pay Rate and furnish accurate wage statements.

102. These acts are not sporadic or isolated and support the request for final injunctive and declaratory relief with respect to Plaintiff, the Class, and the Subclass as a whole.

103. Declaratory and injunctive relief flow directly and automatically from proof of the common questions of law and fact regarding the entitlement to, and denial of, minimum and overtime wages, wages paid at their regular rates of pay, timely payment of wages, Notices of Pay Rate and accurate wage statements.

104. Declaratory and injunctive relief are the factual and legal predicates for Plaintiff's and the Class' and Subclass' entitlement to monetary and non-monetary remedies for such wage violations.

105. Accordingly, injunctive and declaratory relief are among the predominant forms of relief sought in this case.

**H. Requirements of Rule 23(b)(3)**

106. The common issues of fact and law affecting Plaintiff's claims and those of the Class and Subclass — including, without limitation, the common issues identified in the paragraphs above — predominate over issues affecting only individual claims.

107. A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and those of the Class and Subclass.

108. The cost of proving Defendants' pattern and practice of denying minimum, overtime, and other wages makes it impractical for the members of the Class and Subclass to pursue their claims individually.

14

109.    This class action will not be difficult to manage for reasons including, without limitation, the discrete organizational nature of all members of the Class and Subclass (they must have worked for Defendants as Employees during the statutory period), as well as the common questions of law and fact described herein.

## CAUSES OF ACTION

**COUNT ONE**
**VIOLATION OF THE FLSA: UNPAID WAGES**
**(on behalf of the Plaintiff and the Collective Action Members)**

110.    Plaintiff, on behalf of herself and the Collective Action Members, re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

111.    Defendants knowingly and willfully failed to pay Plaintiff and the Collective Action Members their wages for the actual hours that they worked.

112.    Similarly, Defendants are liable to the Plaintiff and the Collective Action Members for associated damages pursuant to 29 U.S.C. § 206(a)(1).

113.    By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages and has incurred costs as well as reasonable attorneys' fees.

114.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 225.

115.    Because Defendants' violations of the FLSA were not the product of objective good faith or otherwise objectively excusable, Plaintiff is entitled to liquidated damages.

116.    As a result of Defendants' unlawful acts, Plaintiff and the Collective Action Members have been deprived of their wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and interest (pre-judgment and post-judgment).

15

**COUNT TWO**
**VIOLATION OF THE FLSA: FAILURE TO PAY OVERTIME**
**(on behalf of the Plaintiff and the Collective Action Members)**

117.    Plaintiff, on behalf of herself and the Collective Action Members, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

118.    During the full statutory period, Plaintiff and the Collective Action Members were protected by the provisions of the FLSA as well as all applicable regulations thereunder.

119.    The FLSA requires covered employers, including herein Defendants, to compensate employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek and at a rate not less than one and one-half (1.5) times the applicable wage rate for all hours worked in excess of forty (40) hours in a workweek.

120.    Plaintiff and the Collective Action Members were not exempt from the requirement that Defendants pay them overtime under the FLSA, and they are entitled to be paid overtime by Defendants for all hours worked in excess of forty (40) hours in a workweek during the full statute of limitations period.

121.    Throughout the full statute of limitations period, Defendants had engaged in a policy and practice of failing to compensate Plaintiff and the Collective Action Members at a rate not less than one and one-half times their regular rate of pay for time spent performing off-the-clock work in excess of forty (40) hours in a workweek.

122.    As a result of Defendants' failure to compensate Plaintiff and the Collective Action Members at a rate not less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, Defendants have violated the FLSA and/or applicable regulations thereunder.

123.     Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the Collective Action Members in accordance with the FLSA.

124.     Defendants' violations of the FLSA have significantly damaged Plaintiff and the Collective Action Members and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, the total amount of their unpaid wages, an additional equal amount in liquidated damages, pre-judgment and post judgment interests, and attorneys' fees and costs.

**COUNT THREE**
**VIOLATION OF THE FLSA: FAILURE TO PAY ALL WAGES OWED**
**(on behalf of the Plaintiff and the Collective Action Members)**

125.     Plaintiff, on behalf of herself and the Collective Action Members, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

126.     During the full statutory period, Plaintiff and the Collective Action Members were protected by the provisions of the FLSA as well as all applicable regulations thereunder.

127.     The FLSA requires covered employers, including the Defendants, to compensate Plaintiff and the Collective Action Members at their established regular rates of pay for all hours worked in a workweek, including stipulated incentive pay.

128.     Throughout the full statute of limitations period, Defendants have engaged in a common policy and practice of failing to pay Plaintiff and the Collective Action Members of the incentive pay for the additional works they performed for the benefit of the Defendants.

129.      As a result of Defendants' failure to pay Plaintiff and the Collective Action Members their incentive pay for the additional works performed, Defendants had violated the FLSA and/or applicable regulations thereunder.

17

130.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to pay Plaintiff and the Collective Action Members their incentive pays in accordance with the FLSA.

131.    Defendants' violations of the FLSA have significantly damaged Plaintiff and the Collective Action Members and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

## COUNT FOUR
## VIOLATION OF THE NYLL: UNPAID WAGES
### (on behalf of the Plaintiff and the Class Action Members)

132.    Plaintiff, on behalf of herself and the Class Action Members, repeats and restates the allegations contained in the prior paragraphs of this complaint as if set forth more fully herein.

133.    Defendants knowingly and willfully failed to pay Plaintiff her wages or the actual hours that she worked.

134.    By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages and has incurred costs as well as reasonable attorneys' fees.

135.    As a result of Defendants' unlawful acts, Plaintiff had been deprived of her wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and interest (pre-judgment and post-judgment).

## COUNT FOUR
## VIOLATION OF THE NYLL: FAILURE TO PAY OVERTIME
### (on behalf of the Plaintiff and the Class Action Members)

136.    Plaintiff, on behalf of herself and the Class Action Members, repeats and restates the allegations contained in the prior paragraphs of this complaint as if set forth more fully herein.

18

137.    At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.

138.    Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under NYLL §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

139.    Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with NYLL §198(1-a).

## COUNT FIVE
### VIOLATION OF THE NYLL AND THE WTPA: VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS
### (on behalf of the Plaintiff and the Class Action Members)

140.    Plaintiff, on behalf of herself and the Class Action Members, repeats and restates the allegations contained in the prior paragraphs of this complaint as if set forth more fully herein.

141.    Defendants failed to provide Plaintiff with a written notice of her rate of pay, regular pay day, and such other information as required by NYLL §195(1).

142.    Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

## COUNT FIVE
### VIOLATION OF THE NYLL AND THE WTPA: VIOLATION OF THE WAGE STATEMENT REQUIREMENTS
### (on behalf of the Plaintiff and the Class Action Members)

143.    Plaintiff, on behalf of herself and the Class Action Members, repeats and restates the allegations contained in the prior paragraphs of this complaint as if set forth more fully herein.

19

144.   Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3).

145.   Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, the FLSA Collective Members and the Class Action Members, respectfully requests that the Court:

A.  Declare that the practices complained of herein are unlawful under the FLSA, the NYLL and the WTPA;

B.  Grant an injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C.  Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendants to provide Plaintiff with a list of all members of the FLSA Collective Members, including all last known addresses, telephone numbers, and email addresses of each such person, so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

D.  Designate Plaintiff as the representative of the FLSA Collective Members, the Class Action Members and her counsel of record as class counsel;

E.  Determine the damages sustained by Plaintiff, the FLSA Collective and the Class Action Members as a result of Defendants' violations of the FLSA, the NYLL and the WTPA, and award those damages against Defendants and in favor of Plaintiff, the FLSA Collective Members and Class Action Members, plus such pre-judgment and post-judgment interest as may be allowed by law;

F. Award Plaintiff, the FLSA Collective Members and Class Action Members an additional equal amount as liquidated damages because Defendants' violations were without a good faith basis;

G. Award Plaintiff, the FLSA Collective Members and Class Action Members their reasonable attorneys' fees and costs and disbursements in this action including, without limitation, any accountants' or experts' fees; and

H. Grant Plaintiff, the FLSA Collective Members and Class Action Members such other and further relief that the Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b), Plaintiff respectfully demands a trial by jury on all questions of fact raised by the complaint.

Dated: Flushing, New York
July 17, 2026                    Respectfully submitted,

**SAGE LEGAL LLC**

*/s/ Emanuel Kataev*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
emanuel@sagelegal.nyc
(718) 412-2421 (office)
(917) 807-7819 (cellular)

*Attorneys for Plaintiff*
*Sheri Ann Cook, and*
*All others similarly situated*

21